STATE OF MINNESOTA ex rel. BETTY SAVAGE, vs. CORBETT HILL.

An order of the District Court setting aside an order made by a Court Commissioner in a habeas corpus proceeding discharging the relator, is an appealable order.

Habeas corpus proceedings are within the jurisdiction of a Judge of the District Court at chambers.

Under our constitution and laws a Court Commissioner has jurisdiction to grant a writ of habeas corpus returnable before himself, and proceed to the hearing and determination thereof, where the prisoner is detained in the county in which he resides; and the Court Commissioner of one county has like jurisdiction in cases where the prisoner is detained in an adjoining county, if it properly appears that there is no officer in such adjoining county authorized to grant the writ, or if there be one, that he is absent or for any cause be incapable of acting, or has refused to grant the writ.

In a proceeding under the provisions of *Chap.* 19, *Comp. Stat.*, before a Justice of the Peace in Le Sueur County, Corbett Hill, defendant, was ordered to enter into recognizance for his appearance at the District Court of that county, or in default thereof to stand committed. Default being made, Hill was taken into custody by a constable of said county. On application of Hill, a writ of habeas corpus was issued by Charles S. Bryant, Esq., a Court Commissioner of Nicollet County, there being no officer in Le Sueur County authorized to grant such writ, and said Nicollet County being an adjoining county thereto. Upon the return of

the writ the Commissioner ordered the discharge of said Hill from custody. A motion was thereupon made by plaintiff before the District Court of Le Sueur County for an order setting aside the order of the Commissioner discharging said Hill. Upon the hearing of said motion such order was made by the Court, and the said Hill appealed therefrom to this Court.

Cox & Griffin for Appellant.

The Court below erred in the order herein that " The hearing and determination of a writ of habeas corpus is not chambers' business. The Court Commissioner had no authority in the law to hear and determine such cause."

It will not be denied that a Court Commissioner has the same power and jurisdiction, judicially, that a Judge of the District Court has at chambers. *Constitution of Minnesota, Section* 15, *Article* 6.

At common law the writ issued out of the Court of King's Bench, not only in term time but also during the vacation, by a fiat from the Chief Justice or any other of the Judges. * * *

If it issues in vacation it is usually returnable before the Judge himself who awarded it, and he proceeds by himself thereon. 3 *Black.*, (*marg.*,) 131. Judge may grant writ returnable immediately at chambers. 36 *Eng. C. L.*, 354.

In chancery also in vacation the Chancellor may issue writ. *Lord Elden in Arnly's case overruling Jenks' case. Black.* 3, 132, *n.* 23.

In the United States (2 *Kent*, 634), the application for the writ must be to the Supreme Court Chancellor, or Judge of the Court, or other officer having the power of a Judge at *chambers. Id.*, 327.

Hearing upon return recognized as chambers' business in *People ex rel. Harris vs. Taylor*, 1 *Scam.*, 202; 10 *Johns.*, 328; 4 *Id.*, 317; *Yates vs. People*, 6 *Id.*, 337; *Yates vs. Lansing*, 4 *Id.*; 1 *Minn.*, 60; 3 *How. Pr. R.*, 32, 39; *Monell's Pr.*, 30.

Our habeas corpus act makes the allowance and hearing upon a return, chambers' business, and expressly confers the power on a

State of Minnesota v. Hill.

Court Commissioner by name.　*Comp. Stat.*, 635 ;　*Act of* 1858 *conferring power on Judges of Probate ; Sess. Laws of* 1860, 2 *and* 3.

Austin & Warner, for Respondent.

I.—The order from which the defendant attempts an appeal in this proceeding, is not an appealable order.

The order is one in a special proceeding, but is not a "final" order, and hence not appealable.

The application for the writ and for a hearing and discharge of the prisoner, is not barred by the order.

II.—1. The order of the Judge setting aside the judgment of the Court Commissioner was correct, warranted and required by the law. Such Commissioner can exercise only the "powers of a Judge of the District Court at Chambers." *Sec.* 15, *Art.* 6, *of the Constitution.*

The Commissioner might, perhaps, *allow* the writ and make it returnable before the Court, when the Court might try the issue and render judgment. But the hearing, the examination, the judgment necessary to the discharge of the prisoner, are not Chambers' business. *Secs.* 44, 46, 49, *Chap.* 73, *Comp. Statute ; Gere vs. Weed & Avery,* 3 *Minn.*, 352 ; *Pulver vs. Grooves, Id.* 359.

2. The practice in England has never made Chambers' business of either the application for, the allowance of, or the hearing or trial upon the return of a writ of habeas corpus.

Until the statute of Charles II., the application for the writ was made at the term, and the writ was returnable to and the hearing or trial had at the term. Since then, by virtue of that statute, the writ might be allowed and the hearing had in vacation, but has never been considered Chambers' business. *See Hurd on habeas corpus.*

III.—1. The Commissioner had no authority to issue the writ on the application in behalf of the prisoner, the Commissioner be-

ing an officer of one county, with a local jurisdiction, and the prisoner confined in another county.

2. The Commissioner had no authority to issue the writ under *Sec.* 26, *page* 635, *Comp. Stat.* For under that section the Commissioner of Le Sueur county could not allow the writ, and certainly the Commissioner of *another* county could not have a superior power.

*By the Court*—McMillan, J.—The motion to dismiss the appeal in this case must be denied. The order discharging the relator, Hill, on the writ of habeas corpus is final, and assuming that the District Court had jurisdiction to make the order setting aside the discharge, no objection to the jurisdiction being made, still no further proceedings can be had under the habeas corpus. Therefore an appeal lies under our statute.

We come then to consider the merits of the appeal. Although the chain of authorities is not unbroken, we consider the principle established that at common law a Judge in vacation may grant a writ of habeas corpus, returnable before himself at Chambers. 3 *Bl. Com.* 131, (*marg.*); 2 *Kent,* 26; *case of Leonard Watson and others,* 36 *Eng. Com. L.* 254; 9 *Adolph & El.,* 731. In our State the power is expressly conferred by statute, among other officers, upon a Judge of the District Court. *Comp. Stat. Ch.* 73, *Secs.* 26, 39.

In pursuance of the constitutional provision, the legislature has provided for the office of Court Commissioner in each county, and has conferred on that officer the power and jurisdiction of a Judge of the District Court at Chambers.

*Sec.* 26, *Ch.* 73, *of the Compiled Statutes* provides that application for the writ of habeas corpus may be made "to any Judge of the Supreme or District Courts, being within the county where the prisoner is detained ; or if there be no such officer within such county, or if he be absent or for any cause be incapable of acting, or have refused to grant such writ, then to some officer having such authority residing in any adjoining county."

*Section* 27 of the same chapter provides "whenever application for any such writ shall be made to any officer not residing within the county where the prisoner shall be detained, he shall require proof by the oath of the party applying, or by other sufficient evidence that there is no officer in such county authorized to grant the writ, or if there be one that he is absent," &c.

In view of these provisions we think it cannot be doubted that a Court Commissioner has power to grant the writ, when the applicant is detained in his own county. In this case, although the fact is omitted in the paper book, the record shows that it appeared on the application for the writ made to the Court Commissioner of Nicollet, the adjoining county, that there was no officer in Le Sueur county in which the prisoner was detained, authorized to grant the writ. In this event, by *sec.* 26, cited ante, which we think is in harmony with the constitutional provision, the application is to be made to an officer in an adjoining county, which was done in this instance.

We think, therefore, the Court Commissioner in this case had authority and jurisdiction to grant the writ returnable before himself, and proceed to the hearing and determination of the habeas corpus, and that the order of the District Court vacating and setting aside the discharge was erroneous and should be reversed.